# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Captain CHRISTOPHER GRAY**
**United States Army, Appellant**

ARMY 20090259

19th Sustainment Command (Expeditionary) (trial)
U.S. Army Fires Center of Excellence and Fort Sill (new recommendation and action)
Donna M. Wright, Military Judge
Lieutenant Colonel Juan A. Pyfrom, Staff Judge Advocate (trial)
Colonel Jeffery D. Pedersen, Staff Judge Advocate (new recommendation)
Colonel Mark W. Seitsinger, Staff Judge Advocate (new addendum)

For Appellant: Mr. Frank K. Spinner, Esquire (argued); Captain Kathleena Scarpato, JA; Mr. Frank K. Spinner, Esquire (on brief); Captain Kristin McGrory, JA.

For Appellee: Captain Kenneth W. Borgnino, JA (argued); Major Amber J. Williams, JA; Major Sara M. Root, JA; Captain Kenneth W. Borgnino, JA (on brief).

22 January 2013

---------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------------

Per Curiam:

A panel of officers sitting as a general court-martial convicted appellant, contrary to his pleas, of premeditated murder and conduct unbecoming an officer, in violation of Articles 118 and 133 of the Uniform Code of Military Justice, 10 U.S.C. §§ 918, 933 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dismissal, confinement for life with the possibility of parole, forfeiture of all pay and allowances, and a reprimand.

On 5 April 2012, this court set aside the convening authority's initial action due to numerous post-trial processing errors and returned the record of trial to The Judge Advocate General for remand to the same or a different convening authority for a new staff judge advocate recommendation (SJAR) and action. *United States v. Gray*, ARMY 20090259, 2012 WL 1166470 (Army Ct. Crim. App. 5 Apr. 2012) (mem. op.). In that opinion, we specifically noted that the SJAR and its addendum

"failed to address numerous allegations of legal error raised by appellant in his Rule for Courts-Martial [hereinafter R.C.M.] 1105 submissions." *Id.* at *1. The case was returned and remanded to a new convening authority, and that convening authority took action on 12 October 2012, disapproving the reprimand and otherwise approving the remainder of the adjudged sentence. Appellant's case is now before this court for review pursuant to Article 66, UCMJ, and again we are faced with an addendum that fails to properly address the allegations of legal errors raised by appellant in his R.C.M. 1105 submissions.

In response to the new SJAR,[1] appellant submitted R.C.M. 1105 matters to the new convening authority, and again, clearly and unequivocally, asserted numerous legal errors. Appellant's defense counsel specifically "renew[ed] the requests made in that original submission, and incorporate[d] the entirety of that original clemency submission." The original submission included a nine-page memorandum that outlined the alleged legal errors and stated to the convening authority, "[Y]ou as convening authority, with the advice of your [staff judge advocate (SJA)], are in a position to correct legal errors. To the extent you recognize them, address them or work to correct them at this clemency stage, you may spare the appellate litigators from needless work and promote the ends of justice." In his R.C.M. 1105 matters to the new convening authority, appellant also submitted a personal request, stating, "I am of course renewing the legal motions and objections of my previously submitted [R.C.M.] 1105 [matters]." Finally, the new R.C.M. 1105 matters noted that "[t]o the extent that appropriate corrective action has been taken to address the requested deferment and waiver of forfeitures issues, that portion of the original clemency request may have been answered, but the remaining requests are renewed via this memorandum and its enclosure."

Thereafter, a new addendum was prepared in this case; however, the new addendum advised the convening authority, *inter alia*, "[T]he defense has made no allegations of legal error that have not already been addressed by the Army Court of Criminal Appeals (A.C.C.A.); therefore, no corrective action is necessary." Thus, the new addendum appears to advise the convening authority that there are no allegations of legal error remaining for the convening authority's consideration. In this respect, the SJA provided erroneous and misleading advice to the convening authority.

The Rules for Courts-Martial require the SJA to advise a convening authority about legal errors raised in an accused's R.C.M. 1105 submissions:

---

[1] On 27 June 2012, a new SJAR was prepared for the new convening authority. The new SJAR noted the procedural history of the case, contained the statutorily required contents, *see* Rule for Courts-Martial [hereinafter R.C.M.] 1106, and recommended disapproval of the adjudged reprimand.

> [W]hen the recommendation is prepared by a staff judge advocate, the staff judge advocate shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 or when otherwise deemed appropriate by the staff judge advocate.

R.C.M. 1106(d)(4). In this case, the SJA opined that no corrective action was necessary with respect to the defense allegations of legal error *because* this court had addressed all such allegations. However, this court has not addressed the merits of the legal errors raised by appellant. Instead, this court identified prejudicial error in the post-trial process and set aside the action, returning the case for a new SJAR and action. "In light of the nature of the alleged legal errors we find this absolute failure to be prejudicial." *Gray*, 2012 WL 1166470, at *4. Therefore, we will again set aside the action in this case. In doing so, we are not expressing any opinion about the merit of the errors raised by appellant, only that the SJA must comply with R.C.M. 1106(d)(4).

## CONCLUSION

Accordingly, the convening authority's action, dated 12 October 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new addendum and action by the same or a different convening authority in accordance with Article 60(c)–(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court